Dear Judge Ragusa:
This office is in receipt of your request for an opinion of the Attorney General in regard to passage of Juvenile Probation Officers over toll-bridges and ferries of this state in accordance with R.S. 40:1392
which entitles "law enforcement personnel" to unhampered passage at all times. You indicate the Court's Juvenile Probation Officers had been given toll free passage over the Crescent City Connection for many years, but were denied "automatic vehicular identification toll tags" now required by the amendment of R.S. 40:1392 by Act 1021 of 2001. You relate under Article 421 (B) of the Louisiana Children's Code that these Probation Officers "have full power and authority to make arrests, serve notices, orders, subpoenas, and writs and execute all orders and perform any other duties incident to their office", and that various statutes in defining the term "law enforcement officer" of "peace officer" specifically includes probations officers, R.S. 14:30 (B), C.Cr.P. Art.222, and C.Cr.P. Art. 905 (B).
This office has previously rendered an opinion pertinent to your inquiry, Atty. Gen. Op. 01-344. Therein this office was asked whether juvenile probation officers must receive a commission before they may perform the duties of law enforcement officers, and if so, what official has the authority to commission the juvenile probation officers. This office noted that juvenile probations officers' police powers arise from the juvenile court, and stated in order for juvenile probation officers to perform the duties of law enforcement, they must receive a commission. This office then concluded as follows:
 Therefore, it is the opinion of this office that juvenile probation officers must receive a commission in order to perform the duties of law enforcement officers. The judge of the court has been empowered by the legislature to commission persons as juvenile probation officers. La. Ch.C. Art. 421. Additionally, the superintendent of the state police may issue a special officer commission to any individual he deems to have met the requirements for such a commission. La.R.S. 40:1379.1. However, this latter commission is not a commission specific to juvenile probation officers, as is the former.
However, we note that in providing for free and unhampered passage on bridges and ferries, R.S. 40:1392 does not simply extend this to all law enforcement personnel, but to all law enforcement personnel employed within this state "with law enforcement agency equipment". In this regard this office found in Atty. Gen. Op 91-557 that the phrase "law enforcement agency equipment" includes "marked and unmarked vehicles owned by public law enforcement agencies and other vehicles containing agency equipment, for example riot guns, radios and bullet proof vests. A badge or card would not be included."
In accordance with the amendment to R.S. 40:1392 for automatic vehicular identification toll tags for the Crescent City Connection, the statute specifies the use of the toll tags would be limited to crossings made by "state police with state police equipment and by designated law enforcement personnel with law enforcement agency equipment." The statute states upon the written request of the head of the law enforcement agency, and payment of the required deposit, the Crescent City Connection Division of the Department of Transportation and Development "shall issue the number of automatic vehicular identification toll tags requested for use in connection with the exemption granted by this Section." Thus, this exemption is mandated when each criteria is present that falls within the purview of the statute , i.e. a law enforcement officer employed in the state with an agency vehicle or enforcement agency equipment. Under such circumstances this privilege should extend to juvenile probation officers who have been commissioned, and who's agency head has paid the required deposit and made a written request under the law.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
RPI/bbr